IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-02829-NYW-STV

KEVIN CAMPBELL,

    Plaintiff,

v.

EASTERLY CAPITAL, LLC,
EASTERLY FUNDS, LLC f/k/a JAMES ALPHA ADVISORS, and
FDX CAPITAL, LLC,

    Defendants.

## ORDER

This matter comes before the Court on Defendants' Motion to Dismiss for Failure to Comply with Tolling Agreement or, in the Alternative, to Dismiss Defendant Easterly Capital, LLC, as Corrected ("Motion to Dismiss"), [Doc. 16, filed January 2, 2024], filed by Defendants Easterly Capital, LLC ("Easterly"); Easterly Funds, LLC f/k/a James Alpha Advisors ("Easterly Funds"); and FDX Capital, LLC ("FDX") (together, "Defendants"). The Motion to Dismiss is opposed by Plaintiff Kevin Campbell ("Plaintiff" or "Mr. Campbell"). The Court finds that oral argument will not materially assist in the disposition of the Motion to Dismiss. Upon review of the Parties' briefing, the entire docket, and the applicable case law, this Court respectfully **DENIES** the Motion to Dismiss.

## BACKGROUND

The Motion to Dismiss is aimed at two discrete issues, so the Court limits its discussion of the factual background accordingly. Allegations in the Complaint and Jury Demand ("Complaint"), [Doc. 1, filed October 27, 2023], are taken as true for the purposes

of this Order. Additionally, the Court properly considers several documents submitted in connection with the Motion to Dismiss without converting it into a motion for summary judgment because the documents are mentioned in the Complaint and central to Plaintiff's claims, and the Parties do not dispute their authenticity. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017).

Plaintiff, a 61-year-old licensed general securities sales representative, claims that he was terminated by Defendants because of his age in violation of the Age Discrimination in Employment Act (the "ADEA"). [Doc. 1 at ¶¶ 32–33, 73]. In March 2012, Plaintiff commenced employment with James Alpha Advisors—the former name for Defendant Easterly Funds—as a wholesaler and sales executive who sold securities products in a territory that included Colorado. [*Id.* at ¶¶ 34–36]. A successful employee, Plaintiff "endeared himself to coworkers, customers, and potential customers through his geniality and sense of humor . . . and had a particular fondness for animal photography, especially alpacas." [*Id.* at ¶ 42]. In 2015, it was determined that the company's salespeople, including Plaintiff, "should be moved to FDX" because FDX was a broker-dealer and James Alpha Advisors was not. [*Id.* at ¶¶ 23–24]; *see also* [*id.* at ¶ 9]. However, Plaintiff "still understood himself to be an employee" of James Alpha Advisors, and he still reported to its leadership. [*Id.* at ¶ 25].

In or around August 2020, Defendant Easterly or its subsidiary "acquired a minority interest in [James Alpha Advisors] and rebranded it as Easterly Funds, LLC." [*Id.* at ¶ 51]. "In connection with Easterly's acquisition," several other wholesalers were terminated from the company, and Easterly's Managing Director, Michael Collins ("Mr. Collins"), became part of Plaintiff's "chain of command." [*Id.* at ¶¶ 30, 52–53]. From this point

forward, "Mr. Campbell continued to receive his paychecks from FDX, but he received instruction from Easterly and/or Easterly Funds." [*Id.* at ¶ 57]. Mr. Collins ultimately terminated Plaintiff's employment on April 1, 2021, due to low sales volume, and replaced him with two younger and less experienced individuals. [*Id.* at ¶¶ 59–62].

Mr. Campbell filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received a Notice of Right to Sue on February 23, 2023. [*Id.* at ¶¶ 16–17]; *see also* [Doc. 15-1; Doc. 15-2]. The latter indicated that Plaintiff had 90 days from receipt to file any federal claim in court. [Doc. 15-2 at 1]. On May 24, 2023, just before the filing period contemplated by the Notice of Right to Sue expired, the Parties entered into an agreement to toll Plaintiff's claims until November 24, 2023 ("Tolling Agreement"). [*Id.* at ¶ 18]; *see also* [Doc. 15-4]. The Tolling Agreement includes the following material provisions:

> 3. **Tolling of Statutes of Limitation.** Any applicable statutes of limitation in an action by CLAIMANT against EEOC RESPONDENTS or BY EEOC RESPONDENTS against CLAIMANT related to and/or arising from the Covered Claims which have not already expired, shall be tolled and not begin to run until after **November 24, 2023**.
>
> 4. **No Forbearance from Suit.** CLAIMANT and EEOC RESPONDENTS agree that the statute of limitations on the Covered Claims shall be tolled in consideration for CLAIMANT'S agreement to submit a demand to EEOC RESPONDENTS instead of filing suit and in consideration of each party's agreement to toll Covered Claims. However, CLAIMANT and EEOC RESPONDENTS further agree that nothing in this Agreement shall preclude either party from commencing an action on a Covered Claim before **November 24, 2023**.

[Doc. 15-4 at 1–2]. The Tolling Agreement defined "CLAIMANT" as Mr. Campbell and "EEOC RESPONDENTS" as Defendants Easterly, Easterly Funds, and FDX. [*Id.* at 1].

Plaintiff filed this action on October 27, 2023. [Doc. 1]. Defendants filed their

3

Motion to Dismiss on January 2, 2024. [Doc. 16].[1] Plaintiff responded on January 23, 2024, then filed a corrected response brief the next day. *See* [Doc. 26; Doc. 27]. Based on the corrected response brief, the Court struck Plaintiff's initial filing and set a deadline for any reply brief. [Doc. 29]. Defendants did not file a reply, and the Motion to Dismiss is now ripe.

## LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quotation omitted). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible" (quotation omitted)). The ultimate duty of the Court is to "determine whether the complaint

---

[1] The Motion to Dismiss is a corrected version of another filing docketed the same day. *See* [Doc. 15; Doc. 16]. Consistent with the Court's January 3, 2024, Minute Order denying Defendants' initial filing as moot because of the corrected version, *see* [Doc. 17], the Court has construed the exhibits submitted in connection with Defendants' initial filing as submitted in connection with the Motion to Dismiss, *see* [Doc. 15-1; Doc. 15-2; Doc. 15-3; Doc. 15-4].

4

sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

The Motion to Dismiss contends that Plaintiff's Complaint is barred by the statute of limitations and that Easterly is not a proper defendant. The Court respectfully rejects both arguments.

### I. Tolling Agreement

Defendants first argue that the Tolling Agreement is invalid for lack of consideration because Plaintiff made no monetary demand of Defendants, and "submission of a demand to Defendants 'instead of filing suit and in consideration of each party's agreement to toll' the claims was a critical term of and consideration for Defendants' agreement to grant Plaintiff an additional six months to commence his action." [Doc. 16 at 4 (quoting [Doc. 15-4 at 1])]. Defendants assert that Plaintiff did not make a monetary settlement demand and, as relevant to the Motion to Dismiss, that he "fails to allege in his complaint that this essential term of the Tolling Agreement was satisfied." [*Id.*]. As a result, Defendants argue that the Tolling Agreement "lacks consideration and fails," which renders Mr. Campbell's Complaint untimely under the applicable statute of limitations. [*Id.*].

Plaintiff responds that the Tolling Agreement's reference to a "demand" is ambiguous and could refer to his multiple demands for settlement talks. [Doc. 27 at 8–9]. Plaintiff also argues that "the consideration in the [Tolling] Agreement was multi-faceted," in part because it contained a mutual release of the Parties' claims. [*Id.* at 7–8]. Plaintiff further argues that he has substantially performed under the Tolling

5

Agreement, that Defendants violated their duty of good faith and fair dealing, and that Defendants are estopped from invoking the statute of limitations. [*Id.* at 9–12].

The Tolling Agreement states that the Parties "irrevocably acknowledge and agree that they are, now and forever, estopped and precluded from contesting or denying the validity and enforceability of this Agreement." [Doc. 15-4 at 2]. Nonetheless, Defendants argue in the Motion to Dismiss that the agreement is invalid for lack of consideration. *See* [Doc. 16 at 3–4]. Although some of Plaintiff's responsive arguments sound in material breach and substantial performance, *see* [Doc. 27 at 9–10], the Court reads the Motion to Dismiss as making a simpler argument: that Defendants are entitled to dismissal based on the statute of limitations because the Tolling Agreement fails for want of consideration, *see, e.g.*, [Doc. 16 at 4]. The Court respectfully disagrees.

Rule 12(b)(6) tests the sufficiency of a complaint. *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019). It is only proper to resolve a statute of limitations defense on a Rule 12(b)(6) motion when it is unequivocally clear from the pleadings that the right sued upon has been extinguished. *See Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016). Respectfully, Defendants have failed to meet this burden.

Whether the actions taken by Mr. Campbell constituted a "demand" under the Tolling Agreement raises various issues that cannot be resolved within the confines of Rule 12(b)(6). At this stage, all well-pleaded facts must be viewed in Plaintiff's favor. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In his Complaint, Mr. Campbell pleads that "[t]he Parties entered into a Tolling Agreement to preserve Mr. Campbell's right to file a Complaint and Jury Demand on May 24, 2023. The

6

Parties have agreed to toll Mr. Campbell's claims until November 24, 2023." [Doc. 1 at ¶ 18]. To rebut this allegation, Defendants rely on the Affidavit of Laura M. Raisty, which contains factual assertions that are not within the Complaint. *See* [Doc. 15-3]. Defendants identify no authority that permits this Court to consider those assertions without converting the Motion to Dismiss into a motion for summary judgment. *See Mrs. Fields Franchising, LLC v. MFGPC*, 721 F. App'x 755, 759 (10th Cir. 2018) (observing that it was "indisputably correct . . . that the district court had to either disregard the . . . declaration or convert the motion to dismiss to a motion for summary judgment"). Plaintiff's brief, *see* [Doc. 27 at 4–7], underscores that interpreting and applying the term "demand" in the Tolling Agreement may implicate disputed facts that are not properly before this Court. *Cf. Choice Genetics USA, LLC v. Peetz Co-Operative Co.*, No. 16-cv-00154-WJM-KLM, 2017 WL 3086608, at *7 (D. Colo. Feb. 28, 2017) (declining to resolve fact-specific disputes in the context of a Rule 12(b)(6) motion). To the extent that Defendants contend that Plaintiff breached the Tolling Agreement, thus invalidating it and triggering the statute of limitations, such a theory is appropriately asserted as an affirmative defense—not through the instant Motion.[2]

Even if the Court could conclude that Plaintiff did not make a "demand" for purposes of the Tolling Agreement, Defendants have failed to persuade this Court that they would be entitled to dismissal as a matter of law. Defendants cite no authority in connection with their argument about the Tolling Agreement, but it is axiomatic that, "[t]o be enforceable, a contract requires mutual assent to an exchange for legal consideration."

---

[2] For purposes of efficiency, the Court declines Plaintiff's invitation to strike the Motion to Dismiss for failure to comply with this Court's Uniform Practice Standards respecting summary judgment and outside documents. *See* [Doc. 27 at 4].

*Winter v. Indus. Claim Appeals Off.*, 321 P.3d 609, 614 (Colo. App. 2013).[3] "Under the most basic contract principles, consideration is a bargained-for exchange." *Scarlett v. Air Methods Corp.*, 538 F. Supp. 3d 1205, 1221 (D. Colo. 2021). Here, Defendants argue that the sole consideration for the Tolling Agreement was Plaintiff making a monetary demand, so Plaintiff's failure to provide such a demand invalidates it. [Doc. 16 at 3–4]. But the sentence of the Tolling Agreement relied on by Defendants states that the Parties "agree that the statute of limitations on the Covered Claims shall be tolled in consideration for CLAIMANT'S agreement to submit a demand to EEOC RESPONDENTS instead of filing suit *and in consideration of each party's agreement to toll Covered Claims*." [Doc. 15-4 at 1 (emphasis added)].

The mutuality contemplated by the Tolling Agreement counts as consideration. *See, e.g.*, *Romero v. Altitude Sports & Ent., LLC*, No. 21-cv-00885-CMA-SKC, 2023 WL 9319117, at *8 (D. Colo. Jan. 8, 2023) ("Adequate consideration constitutes any benefit to a promisor or any detriment to a promisee." (quotation omitted)); *see also Pueblo & Ark. Valley R.R. Co. v. Taylor*, 6 Colo. 1, 12 (1881) ("[T]he promises on each side become the consideration respectively for the promises on the opposite side."). Plaintiff agreed to toll Defendants' claims against him, and Defendants agreed to toll Plaintiff's claims against them. Consideration thus supported the Tolling Agreement without regard to the "demand" issue, so the Motion to Dismiss fails to undermine Plaintiff's position that his

---

[3] The Tolling Agreement does not contain a choice-of-law clause. *See generally* [Doc. 15-4]. Defendants do not cite any legal authority in connection with its interpretation, whereas Plaintiff relies upon Colorado law. *Compare* [Doc. 16 at 3–4], *with* [Doc. 27 at 7–12]. The Court follows Plaintiff's lead. *Cf. Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption.").

claims were tolled at the time of filing. [Doc. 1 at ¶ 18]; *see also Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) ("When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss."). The Court respectfully **DENIES** the Motion to Dismiss to the extent it argues that Plaintiff's claims are untimely.

## II.   Easterly Capital, LLC

In the alternative, Defendants argue that Plaintiff has failed to allege that Defendant Easterly was Plaintiff's employer for purposes of ADEA liability. *See* [Doc. 16 at 5]. Defendants take the position that Plaintiff's employment by Defendants Easterly Funds and FDX is adequately alleged, but they contend that Plaintiff's allegations about Easterly rebranding as Easterly Funds and giving Plaintiff "instruction" in the course of his employment do not meet the statutory definition of "employer." [*Id.* at 5–6]. Plaintiff responds that his allegations pass muster under the joint employer test, as Defendants "mischaracterize" the Complaint and "conveniently ignore the managerial structure created by Easterly's acquisition" of Easterly Funds. [Doc. 27 at 12].

Making all inferences in Plaintiff's favor, as it must, the Court concludes at the motion-to-dismiss stage that Plaintiff has plausibly alleged that he was employed by Easterly. Under the ADEA, "[t]he term 'employee' means an individual employed by any employer." 29 U.S.C. § 630(f). As relevant here, "a plaintiff who is the employee of one entity may seek to hold another entity liable by claiming that the two entities are joint employers." *Bristol v. Bd. of Cnty. Comm'rs of Cnty. of Clear Creek*, 312 F.3d 1213, 1218 (10th Cir. 2002) (en banc). Under the joint employer test, "two entities are considered joint employers if they share or co-determine those matters governing the essential terms

9

and conditions of employment," or if "they both exercise significant control over the same employees."  *Knitter v. Corvias Mil. Living, LLC*, 758 F.3d 1214, 1226 (10th Cir. 2014) (quotations omitted).

Plaintiff's allegations about Easterly include that it "purchased" what is now Easterly Funds, that Plaintiff "received instruction from Easterly," and that Easterly's Managing Director became part of Plaintiff's "chain of command" and later terminated Plaintiff.  *See* [Doc. 1 at ¶¶ 7, 27, 52, 57, 59].  These factual allegations, construed in Plaintiff's favor, result in a reasonable inference "that Easterly was pulling the strings pertaining to instruction and employment decisions" with respect to Mr. Campbell.  [Doc. 27 at 13].  Accordingly, the Complaint suggests that Easterly exercised significant control over the terms and conditions of Mr. Campbell's employment, which satisfies the joint employer test at the motion-to-dismiss stage.  *See Knitter*, 758 F.3d at 1226; *Bristol*, 312 F.3d at 1218.  The Motion to Dismiss is respectfully **DENIED** to the extent it argues that Easterly is not liable because it was not Plaintiff's employer.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Defendants' Motion to Dismiss for Failure to Comply with Tolling Agreement or, in the Alternative, to Dismiss Defendant Easterly Capital, LLC, as Corrected [Doc. 16] is **DENIED**.

DATED: May 1, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge